---

(No. 12269.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER SPERLING, Plaintiff in Error.

*Opinion filed June 18, 1919.*

APPEALS AND ERRORS—*effect where bill of exceptions is stricken from files.* Where the bill of exceptions is stricken from the files in the Supreme Court and all the assignments of error rest upon evidence contained therein and not solely upon the common law record, no question is presented for the consideration of the Supreme Court and the judgment will be affirmed.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

HARDIN W. MASTERS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ANDREW L. HAINLINE, State's Attorney, ALBERT D. RODENBERG, and JAMES W. GULLETT, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted in January, 1918, in the circuit court of McDonough county for forgery, and after trial before a jury was convicted and sentenced. This writ of error has been sued out to review the proceedings of the trial court.

Plaintiff in error makes ten assignments, alleging errors for which the judgment should be reversed. These errors all rest upon evidence contained in the bill of exceptions filed in the cause. This court at the April term, 1919, allowed a motion of defendant in error to strike the purported bill of exceptions from the files. Counsel for plaintiff in error relies particularly upon assignments first and third. The first assignment of error is that the court erred in overruling plaintiff in error's motion for change of venue, and the third is that evidence was erroneously admitted with reference to the charter of a certain bank. As the bill of exceptions has been stricken from the files there is nothing before us upon which to base a decision as to these two assignments of error. (*People* v. *Weston,* 236 Ill. 104; *Macierz Polska* v. *Czarnecki,* 272 id. 34; *People* v. *Tielke,* 259 id. 88.) There is no error urged that rests solely upon the common law record. It follows that the record presents no question for our consideration.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*